IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT KENNEDY, §
aka BOB AHMADI, §
        Petitioner, §
 §
VS. § CIVIL ACTION NO. 4:21-CV-052-P
 §
BOBBY LUMPKIN, §
        Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Robert Kennedy, aka Bob Ahmadi, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed in part as an unauthorized successive petition and in part as time barred.

**I. BACKGROUND**

On April 9, 1992, in Cooke County, Texas, Case No. 91-244, Petitioner was convicted of arson and sentenced to life imprisonment. He was released on parole on April 24, 2009. On October 15, 2012, in Tarrant County, Texas, Case No. 1201247D, he was convicted of burglary of a habitation with intent to commit assault and sentenced to five years' imprisonment. His parole was subsequently revoked on February 27, 2013. Resp't's Preliminary Answer 3–4, ECF No. 15. The instant § 2254 habeas-corpus petition, filed on

December 9, 2020,[1] was construed by the Houston division of the United States District Court for the Southern District of Texas as challenging his 2012 state-court conviction for burglary of a habitation with intent to commit assault and transferred to this division in which Petitioner was convicted.[2] Order, ECF No. 4. Petitioner has filed a prior § 2254 petition in this Court challenging the same 2012 state conviction and the history relevant to the case is set forth in the district judge's Memorandum Opinion and Order in that case. Pet. & Mem. Op. & Order, Ahmadi v. Davis, No. 4:14-CV-901-A, ECF Nos. 1 & 21. In this petition, Petitioner seeks vacation of his 2012 conviction on four grounds and reinstatement of his parole. Respondent asserts that the petition should be dismissed without prejudice as successive. Resp't's Preliminary Answer 1, 7–9, ECF No. 15.

**II. DISCUSSION**

**A. Successive Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive petition for federal habeas relief in federal district court. 28 U.S.C. § 2244(b). A claim presented in a second or successive petition under § 2254 that was or could have been presented in a prior petition must be

---

[1]Although a prisoner's pro se federal habeas petition is typically deemed filed when placed in the prison mailing system, the petition does not provide that information or the date Petitioner signed the document. *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). Therefore, Petitioner is not given the benefit of the prison mailbox rule.

[2]To the extent Petitioner challenges his 1992 Cooke County conviction, this Court lacks subject matter jurisdiction to consider the petition as Petitioner was neither convicted nor confined in this district at the time the petition was filed. *See* 28 U.S.C. § 2241(d).

dismissed. *Id.* § 2244(b)(1). A claim presented in a second or successive petition that was not presented in a prior petitioner must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* § 2244(b)(2). That determination however must be made by a three-judge panel of the appropriate court of appeals before a petitioner files his petition in federal district court. *Id.* § 2244(b)(3).

From the face of this petition, it is apparent that this is a successive petition, and Petitioner has neither alleged nor demonstrated that he has obtained authorization to file the petition from the Fifth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(1)-(3). Therefore, to the extent Petitioner's challenges his 2012 conviction, the petition should be dismissed without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals as to whether Petitioner should be allowed to file the petition in the district court.

### B. Limitations

Petitioner also indicates in the petition that he challenges a parole revocation. Petitioner challenged his 2013 parole revocation in a prior federal habeas-corpus petition filed in the

Houston division of the United States District Court for the Southern District of Texas, which was dismissed without prejudice for failure to exhaust his state-court remedies. Pet. & Mem. Op. and Order, Ahmadi v. Stephens, No. 4-14-CV-00139, ECF Nos. 1, 3.

Title 28, United States Code, 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of a parole revocation proceeding, subsection (D) governs when the limitations period begins to run, *viz.,* the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims. *See Redd v. McGrath,* 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson,* 327 F.3d 328, 333 (4th

Cir. 2003); *Cook v. New York State Div. of Parole,* 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson,* 263 F.3d 162 (5th Cir. 2001) (Table, No. 00–14008); *Torres v. Dretke,* No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004). Presumably, Petitioner knew, or could have discovered through due diligence, on the date his parole was revoked, or shortly thereafter, any basis for challenging the revocation of his parole. Accordingly, the statute of limitations was triggered on February 27, 2013, the date his parole was revoked, and closed one year later on February 27, 2014, subject to any tolling.

The "parole revocation packet" presented by Respondent does not indicate that Petitioner sought any available state-court remedies regarding the revocation and Petitioner's prior federal habeas petition does not toll the limitations period under the statutory tolling provision. 28 U.S.C. § 2244(d)(2); *Duncan v. Walker,* 533 U.S. 167, 181 (2001). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000). Although Petitioner alludes to mental illness

and a host of physical impairments, hospitalization, inability to speak English, and lack of access to the law library as impediments to his ability to pursue federal habeas relief in a timely manner, he does not provide sufficient supporting facts or any evidentiary basis establishing that his various physical and mental disabilities or the other circumstances rendered him unable to pursue his legal rights during the relevant time period. Pet. 9, ECF No. 1.

According, absent any applicable tolling, Petitioner's federal petition challenging his parole revocation was due on or before February 27, 2014. Thus, this petition, filed on December 9, 2020, is untimely.

**III. CONCLUSION**

For the reasons discussed herein, Petitioner's § 2254 petition for a writ of habeas corpus is **DISMISSED** in part without prejudice as an unauthorized successive petition and in part as time barred.

**SO ORDERED** on this 20th day of May, 2021.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE